locutory decree in partition the premises were directed to be sold " free from the lien of all debts." The property was offered for sale by the referee " subject to all unpaid paving taxes." The successful bidder refused to complete on the ground that she supposed she was buying the property free from all liens as directed by the judgment. The Appellate Division held that it was the duty of the referee to conform to the directions of the judgment.

*John G. Lesswing* for appellant.

*Gottfried H. Wende* for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

In the Matter of the Claim of LOVERSA WINDRUMS, Respondent, against MUNSON STEAMSHIP LINES, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

*Constitutional law — jurisdiction — workmen's compensation — master and servant — authority of State Industrial Board to award compensation for death of steamship clerk from drowning in course of employment.*

*Matter of Windrums* v. *Munson S. S. Lines*, 222 App. Div. 707, affirmed.

(Submitted April 6, 1928; decded May 1, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 7, 1927, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant's husband was employed by defendant as a steamship clerk and checker. His work consisted of checking cargo discharged from steamers. He worked both on the vessel and on the dock. The Industrial Board found that while in the course of his employment he fell from the pier and was drowned. This appeal by the employer is taken under section 588 of the Civil Practice Act, subdivision 1, on the ground

that the award violates section 2 of article 3 and section 8 of article 1 of the Federal Constitution, in that the case presented is exclusively within the admiralty and maritime jurisdiction.

*Cletus Keating, Vernon Sims Jones* and *Raymond Parmer* for appellant.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

401 EAST 72ND STREET REALTY Co., INC., Appellant, *v.* EBLING REALTY COMPANY, Respondent.

*Vendor and purchaser — contract — title — action to recover down payment on ground seller did not tender marketable title.*

*401 East 72nd St. Realty Co., Inc.,* v. *Ebling Realty Co.,* 222 App. Div. 388, affirmed.

(Submitted April 6, 1928; decided May 1, 1928.)

APPEAL from a judgment, entered January 24, 1928, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying defendant's motion for a dismissal of the complaint and granted said motion. The action was to recover the down payment made upon a contract to purchase real estate from the defendant, on the ground that the defendant did not tender a marketable title. The only defect was that the cellar steps and areas encroached upon the street in front of the premises. The contract provision was as follows: " Said premises shall be conveyed subject to the terms of tenants now in occupation of said premises, all of whom are monthly or statutory tenants, excepting those holding leases named below, and subject to encroachments of stoop, areas and cellar steps or appurtenances thereto on street and subject also to any state of facts an